# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
# WILKES-BARRE DIVISION

| | |
|---|---|
| **In re:**<br>**Deborah J. Sinatra,**<br>**dba Deborah Sinatra Interiors,**<br>      Debtor.<br><br>**Wilmington Savings Fund Society, FSB, d/b/a**<br>**Christiana Trust, not individually but as trustee for**<br>**Pretium Mortgage Acquisition Trust,**<br>      Movant,<br>**v.**<br>**Deborah J. Sinatra,**<br>**dba Deborah Sinatra Interiors, and**<br>**Jack N Zaharopoulos (Trustee),**<br>      Respondents. | **Case No.: 5:20-bk-00301-HWV**<br><br>**Chapter 13** |

## CREDITOR'S CERTIFICATION OF DEFAULT

I, Charles G. Wohlrab, Esq., attorney for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust ("Plaintiff"), certifies as to the following:

1. I am an attorney for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust and am duly authorized to make this certification.

2. On September 28, 2020, an Order Approving Stipulation was entered, which required the Debtor to make certain payments to Plaintiff to cure specified arrearages maintain future accruing payments. See Exhibit "A".

3. On April 13, 2021, Plaintiff, by counsel, served on Debtor(s), Debtor(s)' counsel, and the

Trustee a Notice of Default setting forth that Debtor(s) were in default in the provisions of the Stipulation.  See Exhibit "B".

4. The April 13, 2021 Notice of Default stated that the sum of $6,535.35 was needed from Debtor(s) to cure the default.

5. The Notice of Default advised that if either the Debtor(s) or the Trustee did not, within fifteen (15) days of the service of the Notice of Default, either cure the default, file an Objection stating that no default exists, or file an Objection stating any other reason why a relief Order should not be entered, Plaintiff could submit a Certification stating that it has complied with the notice requirements of the Order and that the Court may grant relief from the automatic stay without further notice to Debtor, and that, if granted such relief, the real property located at 2384 Golf Drive f/k/a 134 Gold Drive, Cresco, PA 18326 may be sold at foreclosure.

6. Neither the Debtor(s) nor the Trustee has cured the default, filed an objection with the Court stating that no default exists, or filed an objection with the Court stating any other reason why an order granting relief from the automatic stay should not be entered.

//
//
//
//
//
//
//

7. That, in accordance with the terms of the Order Approving Stipulation entered on September 28, 2020, Plaintiff is entitled to relief from the automatic stay as to the real property located at 2384 Golf Drive f/k/a 134 Gold Drive, Cresco, PA 18326.

Date: August 3, 2021

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorney for Secured Creditor
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA  30097
Telephone: (470) 321-7112
By: /s/ Charles G. Wohlrab
Charles G. Wohlrab, Esquire
PA Bar Number  314532
Email: cwohlrab@raslg.com